## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by Plaintiff, BETTY POTTER, to Defendant, SOVEREIGN HEALTHCARE OF MACCLENNY, LLC (referred to as "Defendant").

WHEREAS, Plaintiff filed that certain civil action against in the United States District Court, Middle District of Florida, Case No. 3:11-cv-00676-HLA-JRK ("Federal Civil Action"); and

WHEREAS, Defendant denies any wrongdoing and deny Plaintiff's claims; and

WHEREAS, "Defendant" shall include its incorporators, Board of Directors, officers, owners, shareholders, servants, agents, insurers and its insurers' current and former agents, attorneys, employees, and representatives; and

WHEREAS, "Plaintiff" shall include her heirs, successors, administrators, agents, assigns and attorneys, any other parties of interest and/or representatives; and

WHEREAS, this Release and Settlement Agreement is between Plaintiff and Defendant, and is hereinafter referred to as the "Release," or the "Agreement."

NOW, THEREFORE, in consideration of the covenants contained herein, the payment from and on behalf of Defendant to Plaintiff, and her heirs, successors, administrators, agents, assigns or attorneys, any other parties of interest and/or representatives, and other valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1.  The foregoing recitals are true and correct.

**Plaintiff's Release**. Except for the obligations contained herein, Plaintiff and her attorneys do hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Defendant from  claims and actions between Plaintiff and Defendant which are the

subject matter of the lawsuit BETTY POTTER v. SOVEREIGN HEALTHCARE OF MACLENNY, LLC., et al, Case No.: 3:11-cv-676-J-25JRK, pending in the United States District Court for the Middle District of Florida and release and forever discharge Defendant from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any claims or actions which are the subject matter of the lawsuit BETTY POTTER v. SOVEREIGN HEALTHCARE OF MACLENNY, LLC., et al, Case No.: 3:11-cv-676-J-25JRK.

Plaintiff recognizes that no suit can be filed against Defendant for any claim released as part of this Agreement. This Release is also to apply to any and all claims for costs and attorneys' fees arising out of the lawsuit which is the subject of this Release.

Except for enforcement of this Agreement, if Plaintiff should later initiate or participate in any legal action or proceeding against Defendant for any claim from the lawsuit BETTY POTTER v. SOVEREIGN HEALTHCARE OF MACLENNY, LLC., et al, Case No.: 3:11-cv-676-J-25JRK, which she should not, this Agreement will be conclusive evidence that any such claims have been released.

2.  **Defendant's Release**. Except for the obligations contained herein, Defendant does hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Plaintiff from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions that are the subject of this lawsuit.

3.  **Dismissal of Civil Action**. Upon execution of this Agreement by all parties, the parties shall electronically file a joint stipulation for dismissal with prejudice and submit this Release for approval by the Court. The parties further agree to take any additional action as required by the Court to obtain full dismissal with prejudice of the Federal Civil Action.

4. **Settlement Payment**. As settlement for all of Plaintiff's claims against Defendant in the lawsuit <u>BETTY POTTER v. SOVEREIGN HEALTHCARE OF MACLENNY, LLC., et al,</u> Case No.: 3:11-cv-676-J-25JRK, total payment in the amount of Eight Thousand Nine Hundred and Fifty Dollars and No Cents ($8,450.00) (the "Settlement Payments") shall be made by or on behalf of Defendant within 10 days of receiving final order of dismissal as follows:

   A. To Betty Potter the amount of One Thousand Five Hundred and Fifty Dollars and No Cents ($1,550.00), in consideration of alleged overtime wages, minus relevant applicable withholdings and deductions;

   B. To Betty Potter the amount of One Thousand Five Hundred and Fifty Dollars and No Cents ($1,550.00), in consideration of liquidated damages;

   C. Check #3 to Shavitz Law Group, P.A. (EIN ) in the amount of Five Thousand Eight Hundred and Fifty Dollars and No Cents ($5,850.00) in consideration of $5,000.00 for attorneys' fees and $850.00 for costs.

The portion attributable for wages will be subject to applicable withholding at the usual and customary rate. The payment to Plaintiff's counsel is in lieu of and for statutory attorneys' fees and costs under the FLSA and Florida Minimum Wage Amendment. The Plaintiff understands and agrees that such payment to her attorneys is in full and final satisfaction of any claim for attorneys' fees arising out of this action. Defendant makes no representation as to the tax consequences or liability arising from the payment described herein. Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff. To this extent, Plaintiff acknowledges and

agrees that she will pay any and all income tax which may be determined to be due in connection with the payment described in this paragraph.

5. **Not an Admission of Liability.**  It is understood, agreed and stipulated between the parties that the consideration described herein is in complete and full accord, satisfaction and discharge of disputed claims, and that Defendant does not in any manner by virtue of this Agreement, or payment of the consideration therefore, admit liability to anyone as a result of any incident, act or omission described in or cognizable by the aforementioned claims, charges or causes of action, and it is recognized that Defendant has denied and continues to deny all such allegations.

6. The Parties to this Agreement acknowledge that they have had full possession of any and all facts with regard to their claims or rights, and that they have had ample opportunity to consult with an attorney, any governmental agency of their choosing and/or such other advisors as they have deemed appropriate to be fully advised of the rights and obligations incurred or waived hereby.  The terms of this Agreement are contractual, not mere recitals, and may be enforced in Court.

7. Each of the parties warrants to each other that each has full power, authority and capacity to execute this Agreement.  The parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them.  Plaintiff warrants and represents that she is the owner of the claims asserted in the Federal Civil Action and has not transferred or assigned them, except as represented in this Agreement.

8. This Agreement is deemed to have been drafted jointly by the parties.  Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution

of drafting to any party. The parties have carefully read this Settlement Agreement and Release sign the same of their own free will.

9. Should any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

10. This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida, and shall be subject to the exclusive jurisdiction of the United States District Court for the Middle District of Florida. All parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties herein.

11. Should any party to this Agreement be required to enforce the terms of this agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to her/their reasonable attorneys' fees and costs.

12. The Plaintiff shall not disclose, communicate, make public or publicize in any manner any problems, issues or concerns she perceives she may have had with the Defendant, their officers, employees (past or present) or businesses or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Defendant, their officers, employees (past or present) or businesses. Plaintiff acknowledges and agrees that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, any board of directors or advisory board or directors, competitors, strategic partners, vendors, and employees (past and present). Plaintiff shall not interfere with Defendant' relationship with, or endeavor to entice away from the Defendant, any

person who was or is an employee of Defendant. Plaintiff understands and agrees that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that Defendant would be irreparably harmed by violation of this provision.

13. Defendant agrees and acknowledges that employment inquiries and/or reference requests by third parties about Plaintiff may be directed to Defendant's Human Resources Department at (904) 259-4873.

14. This agreement may be signed in counterparts, fax copies to be considered original.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the dates set forth below.

SOVEREIGN HEALTHCARE OF MACCLENNY, LLC.

By: _____
Title: VP Risk Mgt
Date: 11-16-12

_____
BETTY POTTER, Plaintiff
Date: 11/16/12